FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 06, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMBER RAE DIAZ,<br><br>        Plaintiff,<br><br>vs.<br><br>SHERRI OERTEL, SHELLY AJAX and CHAPLAIN MICHELLE,<br><br>        Defendants. | No. 4:22-CV-05098-MKD<br><br>ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) |

On August 15, 2022, the Court received Plaintiff's *pro se* civil rights complaint. ECF No. 1. Plaintiff did not pay the filing fee or seek leave to proceed *in forma pauperis*. Plaintiff also failed to comply with the letter from the Clerk of Court dated August 15, 2022, directing her to do so. ECF No. 2. That letter also instructed Plaintiff to keep the Court informed of any change of address: "If you do not provide written notice of your change of address, the District Court Executive/Clerk cannot be responsible for your inability to received Court orders and correspondence." *Id.*

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) - 1

By Order filed September 26, 2022, the Court directed Plaintiff to either pay the applicable filing fee of $402.00 or properly request leave to proceed *in forma pauperis*. ECF No. 3. That Order, addressed to Plaintiff at Franklin County Corrections in Pasco, Washington, was returned as undeliverable on October 3, 2022. ECF No. 4. Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to her current mailing address. If mail directed to a *pro se* plaintiff is returned by the Postal Service, she has sixty (60) days to notify the Court and opposing parties of her current address or the Court may dismiss the action. LCivR 41(b)(2).

The Court has an interest in managing its docket and in the prompt resolution of civil matters. *See Destfino v. Reiswig,* 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galaza,* 291 F.3d 639, 642-44 (9th Cir. 2002) (discussing factors to consider in dismissing a claim for failure to prosecute or failure to comply with court order, including the public's interest in expeditious resolution, the court's need to manage docket, and the risk of prejudice to defendants). Plaintiff has failed to keep the Court apprised of her current address.

Accordingly, **IT IS ORDERED**:

1. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to LCivR 41(b)(2).

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) - 2

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, **enter judgment,** provide copies to Plaintiff at her last known address, and **CLOSE** the file.

DATED December 6, 2022.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE